**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| VERO SOFTWARE INC., an Alabama corporation | § § § | Case No. 4:19-cv-236 |
| Plaintiff, | § § | COMPLAINT FOR COPYRIGHT |
| v. | § § | INFRINGEMENT |
| LIBERTY PRECISION COMPANY, LLC, a Texas Limited Liability Company, | § § § | **Demand for Jury Trial** |
| Defendant. | § § § | |

Plaintiff Vero Software Inc. asserts the following claims against Defendant Liberty Precision Company, LLC.

## NATURE OF THE ACTION

1.      Plaintiff Vero Software Inc. ("Vero") is an Alabama corporation and a world renown leader in computer aided design and manufacturing technology. Vero develops and licenses software to support design and manufacturing processes for tooling, production engineering, sheet metal, metal fabrication, stone and woodworking industries.

2.      Vero's innovative "Edgecam" software affords the production machining market with the power of sophisticated toolpath generation and seamless computer-assisted design integration for milling, turning, and mill-turn machining.

3.      This is an action against Defendant Liberty Precision Company, LLC ("Defendant"), a manufacturing company, for infringing Vero's contract rights and Vero's exclusive rights under the Copyright Act (17 U.S.C. § 101 *et seq.*), arising out of Defendant's unauthorized use of pirated Edgecam software. Defendant committed willful and blatant acts of

copyright infringement by improperly using cracked and unauthorized Edgecam software without authorization for their own financial gain.

4.      Vero sent a cease and desist letter to Defendant in June 2017, demanding Defendant end its unlawful use of the cracked and unauthorized Edgecam software and putting Defendant on notice of their violations of federal copyright law. Defendant refused to come into compliance or remedy its wrongdoing.

5.      Vero should be awarded injunctive relief and monetary damages to remedy and redress Defendant's willful piracy of Vero's copyrighted software.

**PARTIES**

6.      Plaintiff Vero Software Inc. ("Vero" or "Plaintiff") is a corporation organized under the laws of the State of Alabama, with its principal place of business at 3800 Palisades Drive, Tuscaloosa, AL 35405.

7.      Vero owns and controls the copyrights and exclusive rights in the software it produces and non-exclusively licenses.

8.      Specifically, Vero has obtained Certificates of Copyright Registration for its suite of Edgecam software products, including but not limited to Registration Numbers TX 8-2870-422, TX 8-298-423, TX 8-298-419, TX 8-298-343, TX 8-298-339, TX 8-298-333 (collectively, the "Copyrighted Works"). Copies of the Copyrighted Works are attached in Exhibit A.

9.      On information and belief, Defendant Liberty Precision Company, LLC is a company organized and existing under the laws of the State of Texas, with its registered and principal place of business at 12715 FM 529 Rd, Houston, TX 77041-2618.

## JURISDICTION AND VENUE

10.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a) and 17 U.S.C. § 501(b) because this is an action arising under the copyright laws of the United States, 17 U.S.C. §§ 101, *et seq.*, seeking damages, injunctive, and other relief.

11.     This Court also has diversity jurisdiction under 28 U.S.C. § 1332 because Plaintiff and Defendant are citizens of different states and the amount in controversy is believed to exceed $75,000.

12.     This Court has personal jurisdiction over Defendant because it is a Texas company with its office and principal place of business in Houston, Texas.

13.     Defendant transacts, conducts, and solicits business within Texas and within this judicial district. Defendant committed tortious acts within Texas and this judicial district. Upon information and belief, Defendant may own, use, or possess property in the State of Texas.

14.     Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b).

## BACKGROUND FACTS

### Plaintiff Vero and its Copyrighted Works

15.     Vero is a globally recognized leader in computer aided technology headquartered in Alabama.

16.     Planit Software Limited is an entity domiciled in the United Kingdom and the author of the Copyrighted Works. Pursuant to a distribution agreement, Planit Software Limited granted Vero exclusive rights to reproduce, distribute, and license the Copyrighted Works in the United States. The rights granted include the right to enforce the copyrights and pursue any available legal remedies against infringers of the Copyrighted Works.

3

17.     Vero licenses its computer-aided software to customers to assist with the operation of Computer Numerical Control ("CNC") machinery. Vero does so in more than 45 countries through its wholly owned subsidiaries and expansive reseller network. Its products are instrumental in addressing the worldwide need for computer-aided software in a large variety of focused manufacturing processes.

18.     Vero's Edgecam suite of software products is a computer-aided manufacturing system for CNC part programming. The Edgecam products allow a customer to choose from a menu of features that best suit its needs for milling, turning, and mill-turn machining.

19.     Vero does not manufacture CNC machinery. Although some CNC machinery is designed with proprietary operating software, most commercial CNC machinery is separate from the operating software, allowing the machinery owner to select and buy the most appropriate applications to suit its needs.

20.     The Edgecam products allow a customer's computers and CNC machinery to work in tandem in a networked environment, designing, storing, and modifying files, and then using those files to fashion products for sale. Without an operating system like the Edgecam software, a CNC machine cannot produce custom products for sale like the products Defendant sells to its customers.

21.     Critical to the success of its business, Vero protects its Copyrighted Works under the terms of an End User License Agreement ("EULA"). The EULA explicitly provides that Vero, as licensor, does not sell its software to its customers.

22.     In consideration of a customer's compliance with the terms of the EULA and payment of the license fee, Vero grants its customer, as licensee, a non-exclusive, non-

sublicenseable, non-transferable, limited license to install and use the Licensed Materials under the terms of the EULA.

23.     The EULA is included as part of the installation process for each version of the Edgecam software. In turn, a user must agree to the terms of the EULA prior to installation.

24.     To safeguard its Copyrighted Works, Vero implements security measures to discover and deter piracy. Specifically, the EULA permits Vero to utilize internal diagnostic tools ("technical protection measures" or "TPM") to detect the installation or use of illegal copies of the licensed Copyrighted Works. The EULA also permits Vero to collect and transmit data about the illegal copies.

25.     Using TPM, Vero can monitor usage of its Copyrighted Works through its network. This allows Vero to know if an Edgecam product was downloaded, installed, and used.

26.     Users of the Copyrighted Works consent to the detection and collection of personally identifiable data, as well as transmission and use of that data if an illegal copy is detected.

27.     Only licensees who are in current, material compliance with their EULA have any right to use the Edgecam products.

28.     Vero has earned a good reputation by working with its licensees to deliver and maintain excellent solutions at fair prices.

29.     Vero offers and sells its Edgecam product licenses, upgrade licenses, and maintenance support using established price lists.

30.     Vero generally licenses its Edgecam products based on the number of devices the software is deployed to, rather than the number of users. Specifically, the user must acquire a license for each device that has an Edgecam product installed on it.

31.     Vero continually works to improve its suite of Edgecam products. Customers utilizing maintenance plans with Vero are entitled to new releases of the software as well as certain updates.

32.     Vero does not require customers to purchase maintenance plans for their Edgecam products, however, maintenance plans are renewable each year, at the customer's discretion. If a customer chooses to purchase a maintenance plan for a specific Edgecam product, it must purchase maintenance for all devices on which the customer installs the Edgecam product.

33.     The Edgecam Copyrighted Works contain materials wholly original to Vero and its licensors and consist of copyrightable subject matter under the U.S. Copyright Act, 17 U.S.C. Section 101 et seq.

34.     Vero has not provided authorization, permission, or consent to Defendant to copy or install copies of Vero's Copyrighted Works, or to exercise any other rights affecting Vero's copyrights with respect to the Copyrighted Works.

**Defendant's Unlawful Conduct**

35.     Like all users of Vero's Copyrighted Works, and as a prerequisite to installation, each time a person installs a version of the Edgecam software, the individual is required to accept the EULA by installing the software and accepting the terms and conditions of the click-through agreement.

36.     Despite Vero's diligence to eliminate piracy affecting the development of new technology and causing significant revenue loss to software companies worldwide, Vero's TMP data capture system revealed that Defendant has engaged in furtive unlawful and infringing conduct.

37.     In July 2016, Vero discovered that someone downloaded, installed, and had begun using "cracked" pirated copies of Vero's Edgecam 2015.1 software and Edgecam 2016.1 software, rather than purchasing a required license like Vero's other customers.

38.     Vero's investigation revealed that username "LPC.1mainadmin" affiliated with computer name "MProgram01.LPC.local" and username "LPC.Trong" affiliated with computer name "MPROGRAM04.LPC.local" both assigned to Internet Protocol address 98.198.201.254 repeatedly infringed Vero's Copyrighted Works for nearly a year without compensation to Vero and in direct violation of the EULA and federal copyright law.

39.     Vero determined that the identified Internet Protocol address belongs to Defendant.

40.     Specifically, Vero's investigation revealed that Defendant began using pirated versions of the Copyrighted Works beginning on or around July 4, 2016 (Edgecam 2016.1), and December 9, 2016 (Edgecam 2015.1)—without paying for the licenses. To date, Defendant has not downloaded and paid for a license to use an authorized copy of the Copyrighted Works.

41.     Without right or authorization, Defendant purchased or obtained and used cracked and/or pirated copies of Edgecam software ("Infringing Products") to use with Defendant's CNC machines at its facility in Houston, Texas.

42.     Defendants was required to and did accept the EULA by installing the Infringing Products and accepting the terms and conditions of the click-through agreement.

43.     Defendant has directly and indirectly repeatedly accessed the Infringing Products to conduct business.

44.     On information and belief, Defendant has used the Infringing Products to create files and/or to manufacture products for which it charges its customers.

45.     On information and belief, Defendant has directly profited from its unauthorized and illegal use of the Infringing Products.

46.     After Vero linked Defendant's identity with Defendant's IP address, Vero demanded Defendant cease and desist using the Infringing Products in violation of the EULA and Vero's copyrights on June 29, 2017.

47.     Defendant is in willful violation of the law for downloading and using the Infringing Products.

48.     Defendant knew or should have known the infringing conduct was unlicensed and in violation of Vero's copyrights and the EULAs.

49.     Defendant's IP address was used to illegally upload and use Vero's Copyrighted Works without permission.

50.     Vero's remedy at law is inadequate to compensate it fully for its injuries. Unless enjoined, Defendant's actions may continue, causing irreparable damage to Vero. It would be extremely difficult or impossible to estimate the amount of compensation necessary to afford Vero complete monetary relief for continuing acts damaging Vero's intangible assets and goodwill. Absent injunctive relief, Vero will continue to be harmed by Defendant's infringing activities.

//

## COUNT I

### Copyright Infringement
### (17 U.S.C. § 501)

51.    Vero incorporates and realleges, as if fully set forth herein, the allegations contained in the foregoing paragraphs of this Complaint.

52.    Vero is the owner of exclusive rights in the Copyrighted Works in and for its Edgecam products, and is entitled to bring an action for copyright infringement pursuant to 17 U.S.C. Section 101 et seq.

53.    Defendant did not have Vero's authorization to install, use, distribute, or copy the Copyrighted Works.

54.    Defendant's unauthorized installation, download, and use of the Copyrights Works infringed Vero's exclusive rights granted by the Copyright Act, 17 U.S.C. Section 106.

55.    Defendant's acts of infringement are willful, in disregard of, and with indifference to Vero's rights.

56.    On information and belief, Defendant profited by its unlawful actions.

57.    As a direct and proximate result of the infringements by Defendant, Vero is entitled to damages and Defendant's profits in amounts to be proven at trial.

58.    Alternatively, at its election, Vero is entitled to statutory damages, up to the maximum amount of $150,000 per statutory award by Defendant's willful infringement, or for such other amounts as may be proper under 17 U.S.C. § 504.

59.    Vero further is entitled to recover its attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

60.    As a direct and proximate result of Defendant's acts and conduct, Vero has sustained and will continue to sustain substantial, immediate and irreparable injury, for which

there is no adequate remedy at law. Unless enjoined and restrained by this Court, Defendant will likely continue to infringe Plaintiff's rights in the Copyrighted Works. Plaintiff is entitled to injunctive relief under 17 U.S.C. § 502.

## COUNT II
**Permanent Injunction**
**(17 U.S.C. § 502(a))**

61.     Vero incorporates and realleges, as if fully set forth herein, the allegations contained in the foregoing paragraphs of this Complaint.

62.     As noted above, Defendant repeatedly used multiple "cracked" pirated copies of Vero's Copyrighted Works purchased or obtained from a third party. Defendant has failed to confirm that they will cease using the unauthorized software.

63.     Defendant's blatant disregard for the law shows that they are likely to engage in future wrongful conduct.

64.     Vero does not have an adequate remedy at law to guard against future infringement by Defendant.

65.     Vero requests a permanent injunction be entered against Defendant prohibiting continued infringement of Vero's copyrights pursuant to 17 U.S.C. § 502(a).

## PRAYER FOR RELIEF

Plaintiff Vero Software Inc. prays for judgment against Defendant and all its affiliates, agents, servants, employees, partners, and all persons in active concert or participation with it, for the following relief:

1.     Award Plaintiff damages and disgorge Defendant's profits in such amount as may be found; alternatively, at Plaintiff's election, for maximum statutory damages for any individual act of infringement; or for such other amounts as may be proper pursuant to 17 U.S.C. § 504(c).

2.      Issue an order permanently enjoining Defendant, and all persons acting in concert or participation with it, from infringing any of Plaintiff's exclusive rights under 17 U.S.C. § 106 by using the Copyrighted Works.

3.      For treble damages, costs and prejudgment interest, and for such other amounts as may be proven at trial or as otherwise provided by federal or state law.

4.      For Plaintiff's attorneys' fees and full costs incurred in this action pursuant to 17 U.S.C. § 505 and common law or statutory rights.

5.      For other and further relief, in law or in equity, to which Plaintiff may be entitled or which the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.


Respectfully submitted this 22nd day of January, 2019.


By: /s/ John M. Shumaker
John M. Shumaker, attorney-in-charge
SBN 24033069
SD TX Bar No.: 580959
LEE & HAYES P.C.
9011 Mountain Ridge Drive, Ste. 150
Austin, TX 78759
P: (512) 605-0260
F: (509) 323-8979
Email: JShumaker@leehayes.com

*Attorney for Plaintiff*